IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| **JOHN AND KIM McCLUNG,** | **PETITIONERS** |
| v.    Case No. 1:13-cv-00044-KGB | |
| **GLEN A. MASSET, COLONEL,** in his official capacity as District Engineer, Little Rock District, **U.S. ARMY CORPS OF ENGINEERS;** and the **U.S. DEPARTMENT OF THE ARMY,** | **RESPONDENTS** |

## ORDER

Petitioners bring this action for review of an agency decision pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-06 (Dkt. No. 1). Before the Court is respondents' motion to strike petitioners' jury trial request and for the Court to issue a briefing schedule (Dkt. No. 26). Respondents request that the Court strike petitioners' request for a jury trial because petitioners are not entitled to a jury trial under the APA. Respondents also request that the Court issue a briefing schedule in place of the Rule 26(f) deadlines set forth in the Court's Initial Scheduling Order (Dkt. No. 25), arguing that this action is exempt from the requirements of Federal Rule of Civil Procedure 26. Petitioners have not responded, and the time for filing a response has passed. For good cause shown, respondents' motion to strike is granted (Dkt. No. 26).

The APA permits judicial review of agency actions. 5 U.S.C. § 702. A reviewing court will not set aside agency action unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Sierra Club v. Kimbell*, 623 F.3d 549, 559 (8th Cir. 2010) (quoting 5 U.S.C. § 706(2)(A)). The reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of agency action. 5 U.S.C. § 706. APA review of agency action is normally confined to the

agency's administrative record. *Newton Cnty. Wildlife Ass'n v. Rogers,* 141 F.3d 803, 807 (8th Cir. 1998); *Camp v. Pitts,* 411 U.S. 138, 142 (1973). "By confining judicial review to the administrative record, the APA precludes the reviewing court from conducting a *de novo* trial and substituting its opinion for that of the agency." *Rochling v. Dep't of Veterans Affairs*, 725 F.3d 927, 936 (8th Cir. 2013) (quoting *Voyageurs Nat. Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004)). Nothing in the APA provides a right to a jury trial. Accordingly, respondents' request to strike petitioners' request for a jury trial is granted.

Respondents are correct that actions for review on an administrative record generally are except from the initial disclosure requirements of Rule 26(a)(1) and, in turn, the requirements of the Rule 26(f) conference regarding initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(B)(i), (f)(1). Local Rule 16.2(1) of the Eastern and Western Districts of Arkansas specifically exempts actions for review of an administrative record from the Rule 16(b) Scheduling Order.

The Court acknowledges that petitioners state in their petition that this is a case of bad faith and request that the Court allow full discovery (Dkt. No. 1, ¶ 16). The Court is not convinced at this stage of the litigation based on the record before it that the proper showing has been made and, therefore, denies without prejudice petitioners' request for discovery. "If the agency record is for some reason inadequate, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation.'" *Newton*, 141 F.3d at 807 (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). When there is "a contemporaneous administrative record and no need for additional explanation of the agency decision, 'there must be a strong showing of bad faith or improper behavior' before the reviewing court may permit discovery and evidentiary supplementation of the administrative record." *Id*. Petitioner may renew this request and brief the issue further, if appropriate, as the case proceeds.

For these reasons, respondents' motion for extension of time for the Rule 26 conference and report is denied as moot (Dkt. No. 29).

Accordingly, respondents' motion to strike is granted (Dkt. No. 26). Petitioners' request for a jury trial is denied. The Court's Initial Scheduling Order is vacated. At this time, the Court denies without prejudice petitioners' request for discovery. Respondents' motion for extension is denied as moot (Dkt. No. 29). The Court will issue a briefing schedule by separate order.

SO ORDERED this the 24th day of October, 2013.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge